```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :        CRIMINAL ACTION
                                :
          v.                    :
                                :
DAVID MICHAEL CARTY             :        NO. 07-545
```

MEMORANDUM

Bartle, J.                                         September 11, 2023

      Defendant David Michael Carty has filed a motion for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).  The burden of proof rests on the defendant.  See United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).

      Defendant pleaded guilty to several drug distribution counts as well as using and carrying a firearm during and in relation to a drug trafficking crime and being a felon in possession of a firearm.  On August 27, 2008, Judge Legrome Davis sentenced him to a total of 180 months in prison to be followed by 8 years of supervised release.  On March 25, 2019, Judge C. Darnell Jones II, to whom the case was reassigned, reduced his sentence of imprisonment to time served but retained the imposition of 8 years of supervised release.  Defendant has been serving his term of supervised release since April 12, 2019.  The case has now been transferred to the undersigned.

> Section 3583(e) provides:
>
> Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
>> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.
>
> The factors outlined in 18 U.S.C. § 3553(a) which the

court must consider are:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

<u>United States v. Melvin</u>, 978 F.3d 49, 52 (3d Cir. 2020).

A term of supervised release is almost always a component of any sentence where imprisonment is imposed. See 18 U.S.C. § 3583; U.S. Sent'g Guidelines Manual § 5D.1.1. In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012) (quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)). Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). Accordingly, when considering a modification or termination of supervised release, the court does not consider the sentencing factors outlined in § 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." See 18 U.S.C. § 3583(e)(1).

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" in order to modify or terminate a person's supervised release. Melvin, 978 F.3d at 53. While the court must consider the factors found in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), it need not make specific findings as to each. Id. at 52-53.

According to defendant, he is now 43 years old and a law abiding citizen. He resides with his girlfriend and his father in Reading, Pennsylvania. He has two jobs. He works for Aramark as a soiled linen sorter and has a part-time job in catering. He breeds dogs and raises emotional support and rescue dogs. As far as the record indicates, he has faithfully complied with the terms of his supervised release.

Defendant has committed serious drug and firearms crimes. Prior to these offenses, he was convicted of drug possession. His history demonstrates that prior to his convictions in this court, he was a pervasive consumer of alcohol and user of marijuana and crack cocaine. Since his incarceration, he has maintained his sobriety and has successfully used therapy and support dogs to address his emotional issues.

The court commends the defendant for the strides he has made to turn his life around. The odds are against his ever being involved again in the criminal justice system. Nonetheless, due to his past drug issues, it is not appropriate to terminate his supervised release at this time when he has served just under 4.5 years. Under the totality of the circumstances, in the interest of justice, the court will reduce the term of his supervised release from 8 years to 6 years.